IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:15-cr-00019 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MARIO AHLAZSHUNA DILLARD, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Pursuant to 18 U.S.C. § 2259(a), restitution to child pornography victims is mandatory. Defendant Mario Ahlazshuna Dillard ("Defendant") pleaded guilty to three counts of sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(a) & (e), and one count of receipt and distribution of child pornography in violation of 18 U.S.C. §§ 2252A, 3583(k). [See ECF Nos. 20, 32, 33, 47.] Defendant does not contest that restitution is in order, especially in regards to Victim 1 as named in the superseding indictment. At the hearing on this matter, the government requested $7,180 in restitution for Victim 1. Defendant does not oppose this amount. After considering all the evidence, however, I have concluded that amount is far too low.

In Paroline v. United States, 134 S. Ct. 1710 (2014), the Supreme Court offered guidance on computing restitution awards in child pornography cases:

> There are a variety of factors district courts might consider in determining a proper amount of restitution, and it is neither necessary nor appropriate to prescribe a precise algorithm for determining the proper restitution amount at this point in the law's development. Doing so would unduly constrain the decision makers closest to the facts of any given case. But district courts might, as a starting point, determine the amount of the victim's losses caused by the continuing traffic in the victim's images (excluding, of course, any remote losses . . .), then set an award of restitution in consideration of factors that bear on the relative causal significance of the defendant's conduct in producing those losses. These could include the number of past criminal defendants found to have contributed to the victim's general losses; reasonable

> predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); whether the defendant reproduced or distributed images of the victim; whether the defendant had any connection to the initial production of the images; how many images of the victim the defendant possessed; and other facts relevant to the defendant's relative causal role.

Id. at 1728. Regarding Victim 1, there is no doubt that Defendant is solely responsible for any and all harm that has and will befall her. The record is clear that Defendant sexually abused her, recorded it, and then uploaded the video to be seen and shared by other purveyors of this most vile product. It is likely beyond dispute that the number of individuals who will ultimately possess graphic evidence of Victim 1's abuse will number in the thousands.[1] And while those other possessors certainly will contribute to the harms Victim 1 has and will suffer, Defendant is by far the most culpable for her continuing physical and psychological damages.

In considering all the evidence of damages and the factors set forth in Paroline, the projected losses to Victim 1 of $7,180 are far too conservative to compensate Victim 1 adequately for her present and future harms. Of those victims who filed requests for restitution against Mr. Dillard, their claimed damages were, per victim: $1,780,150.00 ("Casseaopia" victim); $100,000.00 (each of the three "Sweet Sugar" victims); $1,608,707.58 ("Cindy" victim); $238,000.00 ("Angela" victim); $2,753,421.77 ("Marineland" victim); and $3,266,093.00 ("Vicky" victim). This returns a roughly average damage to a victim of child pornography of $1,243,296.54. The image series Defendant possessed have also been identified as in the

---

[1] The evidence presented by the government in regards to other victims of image series Defendant possessed indicated that between 60 to 904 individuals has been identified and charged with possessing the images in question. Surely it does not strain imagination to state that the number of actual possessors is far greater and increases every day. The same will, regrettably, hold true for the pornography Defendant created.

possession of nearly two thousand other defendants. The evidence amply supports an award in excess of the $7,180.00 requested by the government on Victim 1's behalf.

Moreover, considering the evidence of the abuse inflicted upon Victim 1 by Defendant, no one will seriously dispute that the long-term psychological effects will require services that, at this point, are unknowable. While they cannot be accurately calculated, they should not be borne solely by Victim 1 and her family. Considering the evidence of damages to the other victims, $100,000.00 is a very conservative figure representing Victim 1's likely future needs stemming from her abuse and exploitation. Accordingly, restitution will be ordered to Victim 1 in the amount of **$100,000.00.**

Regarding the remaining victims of Defendant's crimes (the victims of the series he possessed but did not manufacture), I must conclude that the government has not shouldered its burden to establish the causation necessary to award restitution. See 18 U.S.C. § 2259(b)(3); Paroline, 134 S. Ct. at 1720 ("[T]he central concern of the causal inquiry must be the conduct of the particular defendant from whom restitution is sought."). While it is undisputed that the subjects of the images Defendant possessed were harmed, there is no evidence connecting their significant harm to *this* Defendant. The government posits that the awareness that their images are possessed and being traded among individuals continually harms the victims, but there is nothing in the Record before me establishing that knowledge of *this* case has resulted in any harm. Put another way, the government has failed to show that the victims were actually aware that this Defendant possessed evidence of their abuse. Instead, the government relies on the abstract argument that general knowledge that images of them are being trafficked results in specific harms. I have no doubt that is true, but it does not establish proximate cause with

respect to this "particular defendant." Paroline, 134 S. Ct. at 1720.² Absent a showing that awareness of *this* Defendant's conduct resulted in some recognized harm to the victim, restitution is not appropriate. See id. at 1721–23 ("Restitution is therefore proper under § 2259 only to the extent the defendant's offense proximately caused a victim's losses. . . . [I]t is not possible to prove that [the victim's] losses would be less (and by how much) but for one possessor's individual role in the large, loosely connected network through which her images circulate.").

Moreover, while the government's proposed formula for computing a restitution award (claimed amount of damages / number of defendants who have been ordered restitution) has an aura of rationality, I simply cannot conclude that the number is anything less than a stab in the dark. As Defendant accurately points out, with this formula every victim would be awarded restitution sufficient to compensate her or him 100 times over. While these victims certainly deserve every penny of the restitution they seek, I cannot conclude that, under Paroline, the government's evidence meets the standard necessary to order restitution. At a minimum, I believe a court would need to know (a) how much restitution has been awarded by other courts to each victim, and (b) how much restitution has been collected by each victim. Without this type of evidence, I am bound to conclude that the government's request is nothing more than guesswork in the guise of a mathematical formula. Therefore, I cannot order restitution to the remaining victims in this case.

---

² Although not raised by the government, I am not persuaded that the mere request for restitution establishes that the victims are aware of this Defendant's conduct. All the request for restitution establishes, on its face, is that the victims' representatives are aware of this Defendant's conduct. It does nothing to establish the knowledge of the victims themselves.

The clerk is directed to forward a copy of this Memorandum Opinion, as well as the Amended Judgment, to all counsel of record.

Entered this 16th day of June, 2017.

s/Jackson L. Kiser<br>
SENIOR UNITED STATES DISTRICT JUDGE