AO 245C (Rev. 11/16 - VAW Additions 05/17) Amended Judgment in a Criminal Case
Sheet 1

Case 4:15-cr-00019-JLK Document 80 Filed 07/27/17 Page 1 of 9 NOTE: Identifying information redacted from this document in accordance with the E-Government Act of 2002 and is available in the court files.

CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 27 2017
JULIA C DUDLEY, CLERK
BY: /s/ M. Hupp

# UNITED STATES DISTRICT COURT
## Western District of Virginia

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>MARIO AHLAZSHUNA DILLARD | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>Case Number: DVAW415CR000019-001<br>Case Number:<br>USM Number: 20250-084<br>Randy V. Cargill<br>Defendant's Attorney |

Date of Original Judgment: 1/31/17
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☒ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- ☒ pleaded guilty to count(s) 1s, 2s, 3s and 6s
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2251(a),<br>18 U.S.C. § 2251(e) | Sexual Exploitation of a Child | 1/11/15 | 1s |
| 18 U.S.C. § 2251(a),<br>18 U.S.C. § 2251(e) | Sexual Exploitation of a Child | 10/27/15 | 2s |
| 18 U.S.C. § 2251(a),<br>18 U.S.C. § 2251(e) | Sexual Exploitation of a Child | 1/13/15 | 3s |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☒ Count(s) 4s, 5s and 7s ☐ is ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 16, 2017
Date of Imposition of Judgment

/s/ Jackson L. Kiser
Signature of Judge

Jackson L. Kiser, Senior United States District Judge
Name and Title of Judge

July 27, 2017
Date

DEFENDANT: MARIO AHLAZSHUNA DILLARD
CASE NUMBER: DVAW415CR000019-001

Judgment-Page __2__ of __9__

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §2252A, 18 U.S.C. § 3583(k) | Receipt and Distribution of Child Pornography | 10/29/15 | 6s |

AO 245C (Rev. 11/16 - VAW Additions 12/17) Amended Judgment in Criminal Case
Sheet 2 - Imprisonment
(NOTE: Identify Changes with Asterisks (*))

Case 4:15-cr-00019-JLK Document 90 Filed 07/27/17 Page 3 of 9 Pageid#: 379

Judgment - Page 3 of 9

DEFENDANT: MARIO AHLAZSHUNA DILLARD
CASE NUMBER: DVAW415CR000019-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
420 months, consisting of 360 months on each of Counts 1s, 2s and 3s to be served concurrently and 60 months on Count 6s, to be served consecutively.

☒ The court makes the following recommendations to the Bureau of Prisons:

that the defendant receive appropriate sex offender treatment while imprisoned.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before _____ on _____

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Judgment-Page __4__ of __9__

DEFENDANT: MARIO AHLAZSHUNA DILLARD
CASE NUMBER: DVAW415CR000019-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

life, consisting of life terms on Counts 1s, 2s, 3s and 6s, all such terms to run concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
*2. ☒ You must make restitution in accordance with sections 3663 and 3663A, or any other statute authorizing a sentence of restitution. *(check if applicable)*
3. You must not unlawfully possess a controlled substance.
4. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C   (Rev. 11/16 - VAW Additions 05/17) Amended Judgment in a Criminal Case
         Sheet 3A — Supervised Release                                                 (NOTE: Identify Changes with Asterisks (*))

Judgment-Page __5__ of __9__

DEFENDANT:   MARIO AHLAZSHUNA DILLARD
CASE NUMBER: DVAW415CR000019-001

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

DEFENDANT: MARIO AHLAZSHUNA DILLARD
CASE NUMBER: DVAW415CR000019-001

Judgment-Page 6 of 9

SPECIAL CONDITIONS
## ADDITIONAL SUPERVISED RELEASE TERMS

A. The defendant shall register with all local and state sex offender registration agencies in any jurisdiction where the defendant resides, is employed, carries a vocation, is a student, or is otherwise required to register by SORNA.
B. The defendant shall have no direct or indirect contact at any time, for any reason, with any victim identified in the presentence report or any victim's family.
C. The defendant shall not possess, view, or otherwise use any materials depicting or describing "child pornography" as defined in 18 U.S.C. § 2256, nor shall the defendant knowingly enter, or knowingly remain in, any location where such materials can be accessed, obtained, or viewed, including pictures, photographs, books, writings, drawings, videos, or video games.
D. The defendant's residence and employment shall be approved by the probation officer. Any proposed change in residence or employment must be provided to the probation officer at least 10 days prior to the change and must be approved before the change may take place.
E. The defendant shall submit to an evaluation by a qualified mental health professional, approved by the probation officer, who is experienced in the treatment of sexual offenders. The defendant shall take all medications reasonably related to his or her condition, complete all treatment recommendations, and abide by all rules, requirements, and conditions imposed by the treatment provider until discharged from treatment by the provider.
F. The defendant shall submit to risk assessments and psychological and physiological testing, which may include but is not limited to polygraph or plethysmograph examinations or other specific tests to monitor the defendant's compliance.
G. The defendant shall submit to a search of his or her person, property, residence, vehicle, papers, computer, electronic communication devices, or data storage devices or media at any time by the probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of release. The defendant should warn any other residents or occupants that their premises or vehicles in which the defendant may be located could be subject to search pursuant to this condition.
H. The defendant shall provide the probation officer access to any requested financial records and authorize the probation officer's access to any banks, telephone providers and Internet providers, as necessary, to monitor the defendant's compliance.
I. The defendant shall not linger within 100 feet of any parks, school property, playgrounds, arcades, amusement parks, daycare centers, swimming pools, community recreation fields, zoos, youth centers, carnivals, circuses, or other places that are primarily used or can reasonably be expected to be used by minors, without prior permission of the probation officer.
J. The defendant shall not use, purchase, possess, procure, or otherwise obtain any computer or electronic device or cellular telephone that can be linked to any computer networks, bulletin boards, the Internet, or other exchange formats involving computers unless approved by the probation officer for such purposes as the defendant's lawful gainful employment, use by an immediate family member living in the defendant's same household, or other legitimate activities. In addition, the defendant shall not access or use any computer that utilizes any "cleaning" or "wiping" software programs.
K. The defendant shall not associate or have verbal, written, telephonic, electronic communications or knowingly socialize through the Internet with any minor, except: 1) in the presence of the parent or legal guardian of said minor; 2) on the condition that the defendant notifies the parent or legal guardian of the defendant's sex offender condition(s); and 3) with prior approval from the probation officer. This provision does not encompass minors working as waiters, cashiers, ticket vendors, and similar service positions with whom the defendant must deal in order to obtain ordinary and usual commercial services.
L. The defendant may only use and possess a cellular telephone that is limited to vocal telephone communication without the capability to access the Internet.
M. The defendant shall not purchase, possess, or use any camera or video recording devices without approval of the probation officer.
N. The defendant shall notify employers, family members, and others with whom the defendant has regular contact of the defendant's sex offender conditions and that the defendant is under the supervision of the probation officer.
O. The defendant shall not be employed in any position or participate as a volunteer in any activity that involves contact with minors without prior approval of the probation officer. The defendant may not engage in an activity that involves being in a position of trust or authority over any minor.
P. The defendant shall contact the probation officer within 72 hours of establishing an ongoing romantic relationship with another individual and provide the probation officer with information about the other party. The defendant shall also inform the other party of his or her prior criminal history concerning sex offenses.
Q. The defendant shall not have any contact, other than incidental contact in a public forum such as ordering in a restaurant or grocery shopping, with any minor that is under the age of 18 without prior permission of the probation officer. Any approved contact shall be supervised by an adult at all times. The contact addressed in this condition includes but is not limited to direct or indirect, personal, telephonic, written, and through a third party. If the defendant has any contact with any such minor not otherwise addressed in this condition, the defendant is required to immediately leave the situation and notify the probation officer.
R. The defendant shall not possess or have under his control any material depicting sexually explicit conduct involving adults or minors, child pornography, or visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256.
S. The defendant shall not possess any sexually oriented material that, according to a qualified sex offender treatment provider, may interfere with an ongoing treatment regimen.
T. The defendant shall not utilize by any means any social networking forums offering an interactive user network of friends, personal profiles, blogs, chat rooms, or other environments which allow for interaction with others without prior approval of the probation officer.

AO 245C (Rev. 11/16 -VAW Additions 05/17) Amended Judgment in a Criminal Case
Sheet 3D - Supervised Release
Case 4:15-cr-00019-JLK Document 80 Filed 07/27/17 Page 7 of 9 Pageid#: 383
(NOTE: Identify Changes with Asterisks (*))

Judgment-Page 7 of 9

DEFENDANT: MARIO AHLAZSHUNA DILLARD
CASE NUMBER: DVAW415CR000019-001

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall pay any special assessment, fine, and/or restitution that is imposed by this judgment.

2. The defendant shall participate in a program of testing and treatment for substance abuse, as approved by the probation officer, until such time as the defendant has satisfied all requirements of the program.

3. The defendant shall reside in a residence free of firearms, ammunition, destructive devices, and dangerous weapons.

4. The defendant shall submit to warrantless search and seizure of person and property as directed by the probation officer, to determine whether the defendant is in possession of firearms and illegal controlled substances.

5. It is further ordered that the defendant must comply with the conditions of supervision as set forth on Page 6 of this Judgment. The court has reviewed each of these conditions and having considered the factors noted in 18 U.S.C. 3553(a), the defendant's history, characteristics and the nature and circumstances of the offense, each of the conditions will serve to protect the community and assist in the rehabilitative efforts of the defendant.

AO 245C  Case 4:15-cr-00019-JLK  Document 80  Filed 07/27/17  Page 8 of 9  Pageid#: 384
(Rev. 11/16 - VAW Additions 05/17) Amended Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: MARIO AHLAZSHUNA DILLARD
CASE NUMBER: DVAW415CR000019-001

Judgment - Page 8 of 9

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 400.00 | $ | $ | $ 100,000.00 * |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| *Sealed Victim | | *$100,000.00 | |
| TOTALS | $0.00 | *$100,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the ☐ fine ☒ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: MARIO AHLAZSHUNA DILLARD
CASE NUMBER: DVAW415CR000019-001

Judgment - Page 9 of 9

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, the total criminal monetary penalties are due immediately and payable as follows:

A [X] Lump sum payment of $ 400.00 immediately, balance payable

    [ ] not later than _____ , or

    [X] in accordance    [ ] C,   [ ] D,   [ ] E, *[X] F or, [ ] G below); or

B [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, [ ] F, or [ ] G below); or

C [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

*F [X] During the term of imprisonment, payment in equal __monthly__ (e.g., weekly, monthly, quarterly) installments of $ __25.00__ , or __50__ % of the defendant's income, whichever is greater, to commence __30 days__ (e.g., 30 or 60 days) after the date of this judgment; AND payment in equal __monthly__ (e.g., weekly, monthly, quarterly) installments of $ __100.00__ during the term of supervised release, to commence __60 days__ (e.g., 30 or 60 days) after release from imprisonment.

G [ ] Special instructions regarding the payment of criminal monetary penalties:


Any installment schedule shall not preclude enforcement of the restitution or fine order by the United States under 18 U.S.C §§ 3613 and 3664(m).

Any installment schedule is subject to adjustment by the court at any time during the period of imprisonment or supervision, and the defendant shall notify the probation officer and the U.S. Attorney of any change in the defendant's economic circumstances that may affect the defendant's ability to pay.

All criminal monetary penalties shall be made payable to the Clerk, U.S. District Court, 210 Franklin Rd., Suite 540, Roanoke, Virginia 24011, for disbursement.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Any obligation to pay restitution is joint and several with other defendants, if any, against whom an order of restitution has been or will be entered.

[ ] Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[X] The defendant shall forfeit the defendant's interest in the following property to the United States:

*as set forth in the Final Order of Forfeiture entered February 9, 2017.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.